Robert E. Barnes
Barnes Law
601 S. Figueroa St., Ste. 4050
Los Angeles, CA 90017
Tel: (310) 510-6211/ Fax: (310) 510-6225
E-mail: robertbarnes@barneslawllp.com

Attorney for Plaintiff
Alex Jones

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ALEX JONES | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **(JURY TRAIL DEMANDED)** |
| BRIANNA WU, ANDREW KIMMEL and THE YOUNG TURKS, LLC, | |
| Defendants. | |

      The Defendants launched a campaign of lies and libels against their media competitor and ideological opponent, ALEX JONES. Defendants virally spread one of the worst smears that can be spread about anyone: accusing someone of one of the most infamous federal felony crimes, even though defendant knew JONES was actually the victim of that crime.

      Parents of a school shooting sued JONES' employer and JONES. After the suit was brought, hackers and cybercriminals ideologically allied with the Defendants tried to plant child porn on computers of JONES' employer, during a time period designed to be unwittingly

"discovered" by lawyers involved in the case, by using terms in the emails that had been ordered produced in court-ordered discovery. Once uncovered, the FBI cleared JONES and his employer, and JONES was the identified target victim. Defendants instead told the world it was JONES who sent child porn to the victims of school shootings. Jones, publicly, and through counsel, continually requested corrections from the offenders. These Defendants refused. This was libel. This suit follows.

## PARTIES

1. Plaintiff ALEX JONES is an individual citizen of the State of Texas.

2. The Defendants are various individuals and corporate entities around the United States. No Defendant is a citizen of the State of Texas.

3. The Jurisdiction of this case arises under 28 U.S.C. § 1331. The parties involved are from separate States and the matter in controversy will show that the damages far exceed $75,000.00, not including interest, court costs, and attorneys' fees, because of Defendants' wrongful defamation per se conduct towards the Plaintiff, JONES, through their libelous headlines.

## NATURE OF THE ACTION

4. ALEX JONES is a prominent media personality employed by the network Infowars, who resides within this district.

5. In May 23, 2018, Infowars, JONES' employer, was sued by a range of people, including those related to victims of the Sandy Hook shooting. During the litigation period, Infowars' corporate email accounts were attacked by online cybercriminals ideologically allied with the Defendants, with spyware and malware, claiming to be Sandy Hook related emails, by including Sandy Hook terms in the emails. Hidden and embedded in the emails the hackers sent to various Infowars email addresses were images and videos of child pornography. The emails were never

opened by anyone at Infowars. The court in the Sandy Hook case required Infowars to turn over any and all emails that included any reference to Sandy Hook. It appears the hackers who tried to plant the emails on Infowars' servers were aware of this discovery process, and deliberately used Sandy Hook terms in the emails to create a false controversy. By court order, all those emails were turned over, including unopened emails. In that process, the lawyers discovered that someone had been trying to plant child porn on Infowars computers under the guise of Sandy Hook emails. The FBI was contacted regarding the email exchange and subsequently discovered that these cybercriminals intentionally attacked Infowars, JONES' employer. Importantly, the FBI concluded that the emails were archived and were found to have never been opened by any member of Infowars.com. No one at Infowars had any knowledge of the content; JONES was the intended victim.

6.  Knowing that JONES was an intended victim of an email attack on his employer's computer servers, the Defendants chose to lie & libel JONES instead, accusing him of a federal felony of possessing and transmitting child pornography to the families of victims of the Sandy Hook shooting. JONES never possessed child pornography; never sent child pornography; and never even sent any of the emails in discovery, as those were produced by his employer, and they were the recipients, not the sender. JONES' employer Infowars was the victim recipient of the emails, and turned them over by court order to other lawyers. JONES sent nothing to Sandy Hook parents.

7.  On June 17, 2019, at 9:44 PM PST, the Young Turks, by and through Cenk Uygur, published on its Twitter account "Alex Jones sent child porn to Sandy Hook parents." *See* Exhibit 1, The Young Turks' Twitter Account. The same headline made the Young Turks video page where it still stands today and is repeatedly recommended by YouTube to anyone who

watches media interviews about JONES. The Young Turks have almost 400,000 Twitter followers and hold themselves out as serious journalists with millions of followers across multiple social media platforms, and the biggest media network on YouTube that is completely monetized by YouTube without censorship of any kind, and promoted by YouTube as "recommended video" links to those who watch news videos from the major networks. Indeed, the false title of this video is repeatedly recommended to this day by YouTube. This was malicious libel.

8. On June 17, 2019, at 5:18 PM, Mark Follman—National Affairs Editor of Mother Jones—posted on his Twitter feed "Alex Jones, who tormented the families of murdered Sandy Hook children for years by peddling false conspiracy theories, allegedly possessed and transmitted child pornography." This was malicious libel. Follman has over 28,000 followers. His magazine has 780,000 followers.

9. On June 17, 2019, at 12:30 PM, Brianna Wu—current candidate for the US House of Representatives—posted on her Twitter feed "This is shocking, even by Alex Jones standards. He didn't just send child porn to the #SandyHook families, he threatened to murder them on the air." This was malicious libel. Wu has over 85,000 followers on Twitter.

10. Plaintiff publicly requested retractions and corrections, but these defendants refused, despite multiple requests and substantial time for the correction to issue.

**CLAIM FOR RELIEF I: DEFAMATION PER SE**

11. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs one (1) through ten (10) above as if fully restated here.

11.     Defamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation. *Fiber Sys. Int'l v. Roehrs,* 470 F.3d 1150, 1161 (5th Cir. 2006).

12.     In a claim for defamation *per se*, "the words are so obviously hurtful that they require no proof that they caused injury in order for them to be actionable." *Id.* Accusing a professional of deliberately sending child pornography to opposing attorneys—a serious felony—raises no questions as its negative effect on Jones's professional reputation.

13.     JONES specifically brings the claim of Defamation *Per Se* because defendants' tweets injured JONES'S reputation as it relates to his profession or occupation. *Hancock v. Variyam,* 400 S.W.3d 59, 62 (Tex. 2013). In *Hancock*, the common law deems such statements so hurtful that the jury may presume general damages (such as for mental anguish and loss of reputation). *Id.*

14.     "One who publishes a slander that ascribes to another conduct, characteristics or a condition that would adversely affect his fitness for the proper conduct of his lawful business, trade or profession . . . is subject to liability without proof of special harm." *Id*.

15.     Defendants knowingly falsely accused Jones of a federal felony of the most public infamy: possessing & transmitting child pornography directly to the families of the victims of a school shooting.  Defendants knew Jones never possessed it, never transmitted it, was not even the party providing the email discovery, and nothing was ever sent to Sandy Hook victim families. Wu went even further with inflammatory false accusations against JONES to prop up her own political campaign. These were all lies and libel, and actionable under the law as defamation per se.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the defendants in a sum to be determined by a jury.

Respectfully submitted on September 25, 2019

By: /s/ Robert E. Barnes
ROBERT E. BARNES
Counsel for Alex Jones

Barnes Law
601 S. Figueroa St., Ste. 4050
Los Angeles, CA 90017
Tel: (310) 510-6211/ Fax: (310) 510-6225
E-mail: robertbarnes@barneslawllp.com

# EXHIBIT A

**EXHIBIT A**



## **CERTIFICATE OF SERVICE**

It is hereby certified that pursuant to Rule CV-5 and Section 15(a) of the Electronic Filing Procedures, service of the foregoing COMPLAINT was made through the Court's electronic filing and notice system (CM/ECF), or, as appropriate by sending of copy of the same by first class mail addressed to the named Defendants.

DATED this 25th day of September 2015.

/s/ Robert E. Barnes
Robert E. Barnes, Esq.
